# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LAWRENCE KOSA, *et al.*,

    Plaintiffs,

v.                                          Case No. 13-11786

INTERNATIONAL UNION, *et al.*,

    Defendants.

_____/

## ORDER REGARDING FEDERAL RULE 31 DISCOVERY ON THIRD PARTY AND SETTING STATUS CONFERENCE

The court held a telephonic status conference attended by counsel on March 28, 2017, to discuss the most efficient procedures for obtaining third party discovery from General Motors ("GM") regarding applications for, and the availability of, employment relating to specific named Plaintiffs. The parties indicated that GM believed that written questions under Federal Rule of Civil Procedure 31(a)(4) would be more effective than identifying specific oral deponents because, to the extent that GM possessed responsive information, it was disseminated throughout the organization and not necessarily within the personal knowledge of any one potential deponent. During the conference, the parties agreed that proceeding with written discovery would be sufficient for now but reserved their rights to request in-person depositions in the future should they be necessary.

Having discussed procedures for continuing with discovery on these issues, the court invited the parties to submit agreed language. This order reflects the language

that counsel for Defendants thereafter represented to the court as embodying the Parties' mutual recommendation. Plaintiffs' counsel was copied on that communication and has not objected.

The parties are to submit additional written discovery to GM via a set of written questions as provided for in Federal Rule of Civil Procedure 31 as a functional equivalent of Rule 33 Interrogatories. *See N.H. Motor Transp. Ass'n v. Rowe*, 324 F.Supp.2d 231, 237, n.5 (D. Me. 2004) (citing Jay E. Grenig and Jeffrey S. Kinsler*, Handbook of Federal Civil Discovery and Disclosure* § 6.2 (2d ed.)). Questions may be combined between the parties, or submitted separately. Each party may serve a set of cross-questions.

GM may provide a written response under oath to each set of written questions in lieu of actual depositions under Federal Rule 31(b). Such written responses must be provided 14 days after each party confirms that there are no additional questions to be posed.

Parties reserve the right to pose follow-up or clarification questions based on GM's answers; if they choose to do so, the follow-up questions must be served on GM within seven days of receiving GM's initial answers, and GM will then have seven days from receipt of the follow-up questions to provide answers.

If there are any unresolved issues, the court may order deposition by oral examination of General Motors' representatives to address such unresolved issues pursuant to Federal Rule of Civil Procedure 30(b)(6).

The court will also hold a status conference on **Monday, June 5, 2017 at 2:30 p.m. at the US District Court, 231 W Lafayette, Room 252, Detroit , MI 48226**

**SO ORDERED.**

 s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 11, 2017, by electronic and/or ordinary mail.

s/Lisa Wagner  
Case Manager and Deputy Clerk  
(810) 292-6522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\13-11786.Kosa.discoveryGM.bss.wpd